| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------X<br>EUGENE GREEN,<br><br>                          Plaintiff,<br><br>                - against -<br><br>CITY OF NEW YORK, RICHARD A. BROWN,<br>DISTRICT ATTORNEY, QUEENS COUNTY, AND<br>GEORGE FARRUGIA, ASSISTANT DISTRICT<br>ATTORNEY, QUEENS COUNTY,<br><br>                          Defendants.<br>------------------------------------------------------------------X | **NOT FOR PUBLICATION**<br><br><br><br><br>**MEMORANDUM & ORDER**<br><br>No. 06-CV-3942 (ERK) |

KORMAN, J.:

      I assume familiarity with the background of this case. Briefly, the complaint alleges causes of action for false arrest and malicious prosecution. The evidence upon which the arrest and prosecution were based included the identification of plaintiff at a lineup by two eyewitnesses and circumstantial evidence indicating that he had a motive to commit the murder of which he was accused. The basis of the complaint is that one of the eyewitnesses who identified him at the lineup, had previously identified someone else, Joel Lashley, as the perpetrator from a photograph – a single photograph that she was shown, allegedly "inadvertently," by a police officer who carried the photograph of Lashley because he was also a possible suspect. The same witness also picked out a blue Ford station wagon as the same vehicle that fled from the scene of the homicide. The vehicle belonged to the person whose photograph she identified as that of the perpetrator.

      Plaintiff was initially arrested based on an active warrant for an unrelated offense and subsequently appeared in the lineup in which he was identified by the two eyewitnesses. One of those eyewitnesses had identified him previously from a photographic array that included Joel

1

Lashley. After the two positive lineup identifications, plaintiff was arrested and charged with murder in the second degree and criminal possession of a weapon. The eyewitness identifications, combined with evidence of motive, provided probable cause for the arrest of plaintiff, notwithstanding the fact that one of the witnesses who also identified him, had previously identified someone else from a single photograph which she was shown – an identification which may itself, have been suspect, because the circumstances appear to have been suggestive. Indeed, if a jury had returned a verdict of guilty at trial based on this evidence, it would have been legally sufficient to sustain the guilt of petitioner beyond a reasonable doubt, notwithstanding that of "all the various kinds of evidence," testimony of eyewitnesses "is the least reliable, especially when unsupported by corroborating evidence." See Jackson v. Fogg, 589 F.2d 108, 112 (2d Cir. 1978); see also United States v. Danzey, 594 F.2d 905, 916 (2d Cir. 1979) ("[T]he testimony of a single, uncorroborated eyewitness is generally sufficient to support a conviction."). This reflects the application to photographic identification of the general rule that "[t]he established safeguards of the Anglo-American legal system leave the veracity of a witness to be tested by cross-examination, and the credibility of his testimony to be determined by a properly instructed jury." Hoffa v. United States, 385 U.S. 293, 311 (1966); see also Manson v. Brathwaite, 432 U.S. 98, 116 (1977) ("Juries are not so susceptible that they cannot measure intelligently the weight of identification testimony that has some questionable feature.").

Moreover, the existence of probable cause was sufficient to justify the indictment returned by the grand jury. Petitioner argues that the District Attorney violated the Constitution by failing to present evidence of the earlier identification by one of the eyewitnesses and by failing to call the witnesses who, he was advised by plaintiff's counsel, would testify that

Lashley admitted to them that he committed the murder with which petitioner was charged. This claim cannot be reconciled with the holding that the Constitution does not impose upon a prosecutor the obligation to bring exculpatory evidence to the attention of the grand jury. See United States v. Williams, 504 U.S. 36, 51-54 (1992).

Moreover, the delay in providing plaintiff with the exculpatory evidence until just before his trial began, likewise did not constitute a violation of the Constitution. The law is clear that "Brady material must be disclosed in time for its effective use at trial." United States v. Coppa, 267 F3d 132, 135 (2d Cir. 2001). The record here plainly demonstrates that the exculpatory evidence was disclosed in time for its effective use at a trial that ended with an acquittal. Indeed, as the trial judge prophetically observed in denying plaintiff's motion to dismiss the indictment, "[t]he information now available to the defense, however untimely, provides a sufficient opportunity to wage a potentially devastating impeachment of any such offered testimony, as well as the resource of requesting that an adverse inference be drawn as to any unpreserved evidence." Ex. F at 5.

These considerations aside, the Second Circuit has held that the District Attorney enjoys absolute immunity for conduct that includes "conspiring to present falsified evidence to, and to withhold exculpatory evidence from, a grand jury" and "deliberately suppressing Brady material." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995); see also Dory v. Ryan, 25 F.3d 81 (2d Cir. 1994). This holding by itself would be sufficient to justify granting the motion to dismiss made by the individual defendants (which was converted into a motion for summary judgment because it relied on evidence outside the pleadings). Russo v. City of Bridgeport, 479 F.3d 196 (2d Cir. 2007), upon which plaintiff relies, is distinguishable because the defendants in that case were police officers, who did not have available the defense of absolute immunity.

Nevertheless, Russo could arguably compel a different result with respect to the liability of the City. There, the Second Circuit held that the plaintiff had a Fourth Amendment right to be free from unreasonable detention that was violated by the failure to turn over exculpatory evidence sufficiently compelling as to undermine the probable cause on which the initial arrest was made. Id. at 199-201; cf. Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996) (issue is whether arresting the officer "had received information [after arrest based on probable cause] that was sufficient to eliminate probable cause as to any of the crimes charged"). If such evidence was not acted upon here by the District Attorney, it could provide a cause of action against the City of the kind articulated in Russo.

After several telephone conferences with the parties, I have concluded that summary judgment is also warranted on this cause of action. I have already discussed the issue related to the eyewitness identification. The only additional evidence that the plaintiff alleges he called to the attention of the District Attorney is that three witnesses were prepared to testify that Joel Lashley had confessed to them that he committed the offense with which the plaintiff was charged. In a letter dated August 27, 2008, the Corporation Counsel has advised me that those three witnesses were the plaintiff's aunt, his best friend, and his fiancée. The plaintiff orally advised my chambers yesterday that he agrees that those were the three witnesses who were referred to in the complaint. These were obviously interested witnesses, with a motive to lie. While the credibility of such witnesses is ultimately for the jury, their proposed testimony was not sufficiently compelling to "eliminate probable cause as to any of the crimes charged." *Lowth*, 82 F.3d at 571.

## CONCLUSION

Accordingly, for the foregoing reasons, I grant the defendants' motion for summary judgment.

SO ORDERED.

Brooklyn, New York
September 23, 2008

*Edward R. Korman*